CONTE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

TRIAL—DIRECTING VERDICT—QUESTION FOR JURY.

>An agreement between a city and one who has paid a bonus for the privilege of disposing of garbage, whereby on account of the contractor's labor difficulties the contract is abandoned after partial fulfillment and a proportion of the sum paid by him returned, is in effect accord and satisfaction, and where, in an action by the contractor for the balance of such sum paid, there is evidence in support of such an agreement, it was error to direct a verdict for plaintiff on his testimony that he entered into the original contract, and that it was invalid under a mistaken belief that it was valid, and that he was compelled by the city officials to abandon it.

Appeal from Trial Term, New York County.

Action by Antonio Conte against the city of New York. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Terence Farley, for appellant.

Maurice Goodman, for respondent.

McLAUGHLIN, J. On the 13th of July, 1903, the plaintiff entered into a contract with the department of street cleaning of the city of New York to put upon certain scows at various dumps, garbage from the city and to permit plaintiff to select therefrom and appropriate to his own use, rags, rope, wood, metal, and certain other substances; plaintiff paying for such privileges, in addition to doing the work, the sum of $1,230. The contract was for the week beginning Monday, July 13th. Plaintiff entered upon the performance of the work and continued until July 15th, when he quit, and there was then returned to him $615, one half of the amount which he had paid; the other half being retained by the city. Subsequently he filed a notice of claim with the comptroller against the city for this amount, and also a claim for $4,000, the profits alleged to have been lost by him by reason of the act of the city in refusing to let him fully perform the contract. The claim was rejected, and he thereupon brought this action to recover damages for breach of contract. The defendant pleaded the invalidity of the contract, in that the city had not advertised for bids prior to making it. When the case came to trial, the court held that the contract was invalid and could not be enforced, and permitted plaintiff to withdraw a juror for the purpose of applying at Special Term for leave to amend his complaint. This he thereafter did, and, such leave being granted, he then amended his complaint by alleging that at the time of entering into the alleged contract he and the deputy commissioner of the department of street cleaning believed they were making a valid contract, and that the money paid by the plaintiff was under the mistaken belief that such contract was good and could be enforced, by reason whereof he was entitled to the return of the $615, retained by the city. The city pleaded as a defense that the plaintiff defaulted in performance, in that he did not provide the required number of

laborers to do the work, and by reason of that fact the contract was terminated. It also pleaded as a further and separate defense that the plaintiff voluntarily abandoned and surrendered the alleged contract and accepted from the defendant the sum of $615, in full payment and settlement of all rights which he claimed to have under the contract, or the payment of such money.

Upon the issue thus formed, the action again came to trial, and the testimony offered on the part of the plaintiff was to the effect that when he entered into the alleged contract he supposed it was valid and enforceable, and that he was compelled to abandon it by the officials of the city, and the $615 was retained against his protest and objection. The testimony on the part of the city was to the effect that the alleged contract was abandoned at the request of the plaintiff, who, by reason of a strike, was unable to do the required work; that in pursuance of such request he was released, he consenting that the city retain, as a consideration thereof, one-half of the amount which he had paid. This was the situation at the close of the trial—a sharp conflict of fact as to whether or not the plaintiff had not voluntarily relinquished all claims to the money which the city had retained by reason of his being released from further performance of the contract. Notwithstanding this sharp conflict of fact, the trial court directed a verdict for the plaintiff for the amount claimed, with interest. Judgment was subsequently entered thereon, and defendant appeals.

I am of the opinion that the judgment should be reversed. It might well be doubted whether, in any view, the plaintiff could recover the money which the city retained. He had the benefit of the alleged contract for substantially one-half its term. The money which he paid was for the privilege of selecting certain substances from the garbage. He had selected these substances, or had had an opportunity to do so, during substantially one-half the term of the contract. This being so, it would seem unjust and inequitable to the city to compel it to return to him the full amount paid, even though the contract were illegal, because he had benefited by it to the same extent that he would had it been legal. But, whether this conclusion be correct or not, there certainly was a question of fact for the jury, because, if the testimony on the part of the city were correct, to the effect that he voluntarily consented to its retaining one-half the amount paid in consideration of being released from further performance, then under no view could that be reclaimed. It was, in effect, an accord and satisfaction between the parties, an adjustment and settlement of their respective claims. This question should have been submitted to the jury with appropriate instructions bearing on the subject. The court could not arbitrarily withdraw all questions of fact from the jury and direct a return of the money, on the ground that the contract was illegal and the plaintiff made a mistake in entering into it by supposing that it was valid and enforceable.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.